**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| MARC KLEMOFF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:22-cv-234 |
| | ) | |
| MENARD, INC., D/B/A/ MENARDS, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the court on the Motion for Leave to File Amended Answer to Assert Non-Party Defense [DE 23] filed by the defendant, Menard Inc., on April 12, 2023. For the following reasons, the motion is **GRANTED.**

*Background*

The plaintiff, Marc Klemoff (Klemoff), initiated this matter in Indiana state court on July 8, 2022, against the defendant, Menard Inc. (Menards), alleging that he sustained injuries while shopping at a Menard's store in Schererville, Indiana, on July 27, 2020. Klemoff claims that while he was inside Menards a walking escalator malfunctioned which resulted in a loaded shopping cart striking him, resulting in injuries. According to Klemoff, his injuries were a direct result of Menard's negligence. On August 15, 2022, this case was removed to federal court. The court entered a Case Management Plan [DE 12] on September 9, 2022, which in part set a deadline for Menards to amend its answer by January 30, 2023.

After the above deadline, Menards claims that it ascertained information suggesting that Donna Payne/ Donna Paine (Paine), a non-party defendant, may have proximately caused Klemoff's injuries. During a mediation meeting on April 5, 2023, Menards learned that Paine

was the customer in control of the shopping cart before it struck Klemoff. On April 12, 2023, Menards filed the instant motion [DE 23] seeking leave of the court to amend its answer to Klemoff's complaint to assert a nonparty affirmative defense under Indiana's Comparative Fault Act. Klemoff responded in opposition on April 26, 2023 [DE 25], and Menards filed its reply on May 5, 2023 [DE 26].

*Discussion*

After the court enters a scheduling order, standards set forth under both **Rule 16** and **Rule 15** must be satisfied to amend the pleadings. First, the court evaluates whether the moving party has shown "good cause" to amend the pleading. **Fed. R. Civ. P. 16(b)(4)**; *see **Trustmark Ins. Co. v. Gen. Cologne Life Re of Am.***, 424 F.3d 542, 553 (7th Cir. 2005) ("To amend a pleading after the expiration of the trial court's Scheduling Order deadline to amend pleadings, the party must show 'good cause.'"). If the court determines that the good cause standard is satisfied, then the court applies the standard under **Rule 15(a)(2)** which provides that when a party seeks leave to amend a pleading, the "court should freely give leave when justice so requires." **Fed. R. Civ. P. 16(a)(2)**. The decision whether to grant or deny a motion to amend lies within the sound discretion of the district court. ***Campbell v. Ingersoll Milling Mach. Co.***, 893 F.2d 925, 927 (7th Cir. 1990).

"'**Rule 16(b)**'s 'good cause' standard primarily considers the diligence of the party seeking amendment.'" ***Trustmark Ins. Co.,*** 424 F.3d at 553 (quoting ***Johnson v. Mammoth Recreations, Inc.***, 975 F.2d 604, 609 (9th Cir. 1992)); *see also **Alioto v. Town of Lisbon***, 651 F.3d 715, 720 (7th Cir. 2011) ("In making a **Rule 16(b)** good–cause determination, the primary consideration for district courts is the diligence of the party seeking amendment."). In this case, the court's scheduling order provided Menards until January 30, 2023, to amend its

answer to Klemoff's complaint. Menards moved to amend its answer on April 12, 2023, just under three months after the amendment deadline had expired.

Menards reasons that it waited until April 12, 2023, to seek leave to amend its answer because the amendment is based on information Menards learned during a mediation on April 5, 2023. Specifically, Menards claims during the mediation it learned that Paine potentially shared in liability for Klemoff's claimed injuries. Prior to the mediation, Menards contends that it was unaware, and had no reason to know, that Paine was a potential nonparty in this matter. In response to this new information, Menards seeks to amend its answer by adding the following paragraph to its Affirmative Defenses:

> Plaintiff's injuries or damages were caused, in whole or in part, by the actions or omissions of nonparty Donna Payne/Donna Paine. Defendant requests that the trier of fact consider the fault of Donna Payne/Donna Paine in rendering its verdict in accordance with the Indiana Comparative Fault Act.

[DE 23 at 5]

Klemoff argues that Menards failed to show due diligence in seeking its leave to amend. Klemoff suggests that Menards had possession of a video of the incident which showed two people on the walking escalator and should have known there was a witness or other party potentially involved in the incident. Klemoff contends that he provided Menards with initial disclosures on December 15, 2022, which conveyed that Paine would testify about how the incident occurred. Klemoff also argues that Menards did not submit discovery requests until after the deadline to amend its pleadings passed. Thus, Klemoff asserts that Menards should have been able to determine the significance of Paine through reasonable inquiry sooner but failed to exercise due diligence in doing so.

Although Menards was made aware on December 15, 2022, that Paine was a person who would testify about how the incident occurred, it had no actual notice that Paine was a nonparty

who possibly shared in liability at that time. The court agrees that Menards did not receive actual knowledge of Paine's importance as a nonparty until the mediation on April 5, 2023. Menards sought leave to amend its complaint seven days after discovering the fact that Paine was a potential nonparty in this incident. Despite Klemoff's attempt to persuade the court that Menards failed to inquire about Paine with reasonable promptness, the delay from the time Menards had actual knowledge was not unreasonable. *See, e.g.*, **Gold v. YouMail, Inc.**, No. 1:12-cv-522, 2013 WL 652549, at \*1 (S.D. Ind. Feb. 21, 2013) (granting leave to amend where the plaintiff moved to amend around one month after receiving the information that the amendment was based). Thus, the court concludes that Menards has shown good cause, or due diligence, for amending its answer.

Next, the court turns to whether the requirements of **Rule 15(a)(2)** are satisfied. "The court should freely give leave when justice so requires." "[T]his mandate is to be heeded. If the underlying facts or circumstances relied upon by a [defendant] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." **Foman v. Davis**, 371 U.S. 178, 182 (1962) (citation omitted). Still, "district courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." **Arreola v. Godinez**, 546 F.3d 788, 796 (7th Cir. 2008) (internal citation omitted).

Here, Klemoff argues that Menards cannot meet the requirements under the Indiana Comparative Fault Act, and therefore cannot assert a nonparty defense, rendering the proposed amendment futile. Similar to the argument above, Klemoff asserts that Menards is barred from pleading a nonparty defense because it failed to act with reasonable promptness as required under the Indiana Comparative Fault Act. Klemoff argues that "[r]easonable promptness is

measured from the time period between service of the complaint and raising the nonparty defense, and not the time period of learning of it and then assessing it." [DE 25 at 3] (citing ***Kelly v. Bennett***, 792 N.E.2d 584, 587 (Ind. Ct. App. 2003)).

In ***Kelly***, the Indiana Court of Appeals affirmed the trial court's decision in finding that the moving party failed to seek leave with reasonable promptness "where more than one and one-half years elapsed between the answer and the motion for leave to amend." ***Kelly***, 792 N.E.2d at 587. The ***Kelly*** court also explained that "[w]here service [of a complaint] does not occur more than 150 days before the expiration of the statute of limitations and the defendant gains knowledge of a nonparty defense after the filing of the answer, the statue imposes the burden on the defendant to plead the defense with reasonable promptness." *Id.* at 586. Indeed, the court held that "some degree of diligence in investigating any possible nonparty defense is warranted" because "the purpose of [reasonable promptness] is confounded if a defendant takes little action to discover such a defense until a substantial delay has occurred." *Id.*

The delay in ***Kelly*** is significantly more serious than the timeline in this case. In ***Kelly***, the moving party took more than six hundred days after his original answer to file his motion for leave to amend. By contrast, Menards has requested leave to amend its answer less than a year from being served with the original complaint and within a week of obtaining actual knowledge of its viable nonparty defense. Menards also has cited to several cases supporting the notion that it acted with reasonable promptness as interpreted under Indiana law. *See e.g.*, ***Bulldog Battery Cor. V. Pica Investments, Inc.***, 736 N.E.2d 333, 338 (Ind. Ct. App. 2000); ***Witte v. Mundy***, 820 N.E.2d 128, 133 (Ind. 2005); ***Osterloo v. Wallar***, 758 N.E.2d 59, 64 (Ind. Ct. App. 2001) (finding that the moving party acted with reasonable promptness after it sought to add a nonparty defendant within 15 days of discovering the pertinent information).

The Indiana Comparative Fault Act contemplates that a "defendant should have a reasonable opportunity to discover the existence of a nonparty defense." *Benbenek v. Fidelity Nat'l Prop. & Cas. Ins. Co.*, No. 1:12-cv-591, 2012 WL 5331230, at * 2 (S.D. Ind. Oct. 29, 2012) (quoting Ind. Code § 34-51-2-16(1)). "It is during the discovery period that the court must expect the parties diligently to research and develop their positions." *Heath v. Isenegger*, No. 2:10–cv–175, No. 2:10-cv-175, 2011 WL 2580538, at *2 (N.D. Ind. June 28, 2011). The timeline in this case gives the court no reason to conclude that Menards failed to act with reasonable promptness in accordance with the statute. Menards did not know that Paine was even a potential witness to the incident until receiving Klemoff's initial disclosures on December 15, 2022. Afterward, Menards acted with reasonable promptness by filing this motion seven days after learning that Paine was indeed a potential nonparty during the mediation held on April 5, 2023. Lastly, because this case is still in its relative infancy as no depositions have occurred and the discovery deadline is currently set for December 15, 2023, the plaintiff will not be prejudiced by the granting of this motion.

Based on the foregoing reasons, the Motion for Leave to File Amended Answer to Assert Non-Party Defense [DE 23] is **GRANTED.**

ENTERED this 15th day of May, 2023.

/s/ Andrew P. Rodovich
United States Magistrate Judge

6